IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr196

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JOSE OSCAR RAMOS-SERRANO )<br>)<br>_____ ) | MEMORANDUM AND ORDER |

**THIS MATTER** is before the Court upon motion by the government to dismiss the indictment without prejudice, pursuant to Fed. R. Crim. P. 48(a). (Doc. No. 17). The defendant responded seeking to dismiss the indictment with prejudice pursuant to 18 U.S.C. §§ 3161(c)(1) & 3162(a)(2). (Doc. No. 18). For the reasons stated below, the Court will grant the government's motion to dismiss without prejudice.

**I.  PROCEDURAL HISTORY**

The defendant was taken into custody on July 27, 2006 for knowingly and unlawfully attempting to enter and entering the United States without the consent of the Attorney General or Homeland Security after having been previously deported and removed from the United States. The defendant was detained on July 20, 2007 and subsequently indicted on July 27, 2006 for violations of 8 U.S.C. § 1326(a). (Doc. No. 1). The defendant was then sent to Alabama and then to Atlanta, Georgia to the office of Immigration and Customs Enforcement (ICE). (Doc. No. 18). The defendant first appeared before the Court on the indictment in the instant case on April 3, 2007. (Doc. No. 18). Counsel for the defendant entered a written waiver of personal appearance at arraignment and a plea of not guilty on April 18, 2007. (Doc. No. 12). On June 4, 2007, at the

calendar call for the defendant's scheduled trial, the government moved to dismiss the claims against the defendant without prejudice (Doc. No. 17) because the defendant was not transported back to this district after being removed for deportation proceedings. Counsel for the defendant responded to the government's motion asking the court to dismiss the charges against the defendant with prejudice in accordance with 18 U.S.C. §§ 3161(c)(1) & 3162(a)(2). (Doc. No. 18).

## II. LEGAL DISCUSSION

The Speedy Trial Act of 1974 states that the "the trial of a defendant charged with an offense or crime must commence within seventy (70) days from the filing date (and making public) of the information or indictment, or from the date the defendant has first appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within the time period provided under § 3161(c) as extended by § 3161(h), the case shall be dismissed upon a motion of the defendant. 18 U.S.C. § 3162(a)(2). In the instant case, both parties concede to the dismissal of the case but contest whether the case should be dismissed with or without prejudice..

The Act requires consideration of the following factors in determining whether to dismiss an indictment with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and the administration of justice." 18 U.S.C. § 3162(a)(2). The legislative history of the Speedy Trial Act confirms that Congress did not intend for any particular type of dismissal to serve as the presumptive remedy for violations of the Act and the decision of whether to dismiss with or without prejudice is left to the discretion of the court. United States v. Taylor, 487 U.S. 326, 334-35 (1988).

2

In the instant case, the violation with which the defendant is charged, is serious. The defendant faces potential incarceration of up to two years for allegedly entering the United States illegally after being previously deported from the country. In Taylor, the Supreme Court found a drug charge to be sufficiently serious where two co-defendants received three-year sentences for the same crime. 487 U.S. at 338-39. Additionally, seriousness of this matter is aggravated by the allegation that the defendant has been deported before, yet returned illegally, and the government has a significant interest in deterring and preventing repeated misconduct.

The second factor, weighing the facts and circumstances of the case, also favors the government. In considering the facts and circumstances of the case in Taylor, the Supreme Court considered whether the United States Attorney's office acted in bad faith or displayed pattern of neglect or apparent antipathy toward the case. 487 U.S. at 338. The inability of defendant to stand trial, in the instant case, was not due to any bad faith, neglect, or antipathy by the government but rather to concurrent deportation proceedings in another district. The government, recognizing the delay caused by these proceedings in violation of the Act, has properly moved to dismiss this case mitigating any further delay and showing that the government was not acting in bad faith.[1]

The effect of re-prosecution on the administration of the Act and the administration of justice weighs in favor of the government. The purpose of the Act is to address administrative neglect by the government causing undo delay as a defendant awaits trial. United States v. Hinch, 308 F. Supp. 2d 599, 604 (D. Md. 2004). Here, the slight delay caused by the oversight of the United States Attorney's Office is outweighed by the government's interest in protecting the borders of the United States and deterring re-entry of aliens who have been previously deported.

---

[1] In making this determination, the Court does not condone the delay caused by the government and encourages the United States Attorney's Office to take seriously its responsibilities under the Act.

The legislative history of the Speedy Trial Act additionally suggests that a court should consider any prejudice to the defendant along with the statutorily mandated factors discussed above. <u>Taylor</u>, 487 U.S. at 327.  In assessing prejudice to the defendant a court should consider the interests protected under the Sixth Amendment right to a speedy trial and the Speedy Trial Act, which include: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety of the defendant; and (3) limiting the chance that the defense will be unprepared.  <u>See</u> <u>United States v. Grimmond</u>, 137 F.3d 823, 829 (4th Cir. 1998).  In the present case, the defendant is currently awaiting deportation, due to his status as an alleged illegal alien, and irregardless of the pending action, Immigration and Naturalization Services (INS) will continue to hold the defendant in custody.  Consequently, a lack of prejudice to the defendant is apparent when considering the three factors set forth by the Fourth Circuit in <u>Grimmond</u>.

### III.  CONCLUSION

Dismissal of this case without prejudice is proper due to the seriousness of the offense, the facts and circumstances of the case, the interest of justice, and the lack of prejudice to the defendant.

**IT IS, THEREFORE, ORDERED** that the government is GRANTED leave to dismiss the indictment in the above captioned case without prejudice, and the defendant's motion is DENIED.

Signed: July 24, 2007

Robert J. Conrad, Jr.
Chief United States District Judge